UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Annie Backman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A NO.: 4:12-CV-1897-TER |
| vs. | ) | |
| | ) | |
| CAROLYN COLVIN, ACTING | ) | ORDER |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks an award of attorney's fees in the amount of $5,468.90, representing 29.6 attorney hours at a rate of $184.76 per hour. Defendant ("Commissioner") opposes the petition, arguing that Plaintiff is not entitled to an award of fees because the Commissioner's position in this case was substantially justified. Should the court find that the Commissioner's position was not substantially justified, the Commissioner argues that special circumstances exist which would make the award of the entire amount of fees requested unjust. For reasons set forth below, the court finds that the Commissioner's position was not substantially justified and awards Plaintiff attorney's fees, to the extent outlined herein.

STANDARD

Under the EAJA, a court is directed to award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified.

1

Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir.1991). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir.1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotation marks omitted). When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by issue analysis and should consider the totality of the circumstances. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138–39 (4th Cir.1993).

## FACTS

Plaintiff applied for Disability Insurance Benefits ("DIB") on November 3, 2009, ultimately alleging disability as of January 28, 2008. The ALJ, in a decision issued August 31, 2011, found Plaintiff not disabled and denied her claim. Id. The Appeals Council denied Plaintiff's request for review. Id.

Plaintiff filed this action on July 7, 2012. Dkt. No. 1. On February 27, 2014, the undersigned issued an Order remanding the matter for further administrative action at step five for the purpose of resolving the identity of the jobs stated by the VE as well as the conflicts between the VE's testimony and the descriptions in the DOT. Dkt. No. 32.

Thereafter, Plaintiff filed a petition for attorney's fees pursuant to the EAJA. Dkt. No. 35. The Commissioner filed an opposition to Plaintiff's EAJA petition (Dkt. No. 36), to which Plaintiff replied. Dkt. No. 39.

## DISCUSSION

The Commissioner argues that she was substantially justified in her position defending this

2

case. In light of the Court's determination that a remand for further administrative action was warranted in this case, and after review of the parties' respective positions, the court finds the Commissioner has not met her burden of establishing that she was substantially justified in defending this action under these circumstances. Furthermore, the Court does not find special circumstances to exist which would warrant the reduction of the fees requested based on the facts of this case.

The court has reviewed the motion submitted by Plaintiff's counsel. Although the Court finds that an award of EAJA attorney's fees is appropriate, the Court concludes that 10.4 hours on brief preparation to prepare an approximate two page statement of the facts, procedural history and summary of Plaintiff's hearing testimony is not reasonable. Accordingly, the Court reduces Plaintiff's hours of preparation by eight point four hours, for a remaining total of 21.2 hours. At a rate of $ 184.76 per hour, the awarded EAJA fees amount to three thousand nine hundred sixteen dollars and ninety-one ($3916.91) cents.

## CONCLUSION

For reasons set forth above, the court grants Plaintiff's petition for attorney's fees under the EAJA in the amount of ($3916.91). The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

February 8, 2016
Florence, S.C.